(No. 81-CC-1752—)

IRENE E. GIPSON, widow of RICHARD F. GIPSON, deceased, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 17, 1981.*

IRENE E. GIPSON, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS M. DONOVAN, Assistant Attorney General, of counsel), for Respondent.

ROE, C. J.

This claim arises out of the death of Richard F. Gipson, an officer with the City of Chicago Police Department. The decedent's widow seeks compensation pursuant to the provisions of the "Law Enforcement Officers, Civil Defense Workers, Civil Air Patrol Members, Paramedics & Firemen Compensation Act" (the "Act"), Ill. Rev. Stat., ch. 48, par. 281, *et seq*. The verified application for benefits shows that Irene Gipson was married to the decedent at the time of his death.

On February 4, 1981, Officer Gipson reported for duty at 7:00 a.m. at O'Hare Field. At approximately 11:30 a.m. that morning, he was requested to aid in the investigation of a possible theft by fraud in the purchase of two airline tickets. After sufficient facts had been elicited to show the existence of a fraud, one of the alleged offenders attempted to destroy evidence and Officer Gipson intervened. In the ensuing struggle, the officer was knocked to the ground where he remained during the apprehension of the alleged offenders. Efforts to revive Gipson by emergency medical personnel failed. He was pronounced dead by Dr. Ney at Resurrection Hospital in Chicago.

The certificate of death by the Cook County Medical Examiner listed the cause of death as:

"Occlusive coronary atherosclerotic heart disease *in association with stress*." (Emphasis added)

This court has on many prior occasions reviewed applications for benefits where the decedent died from heart related maladies while on duty. Each case has been decided on its own merits with the significant factor being the nexus between the duties being performed at the time and the ensuing heart condition. There is no hard and fast rule that can be laid down for these types of cases.

In the instant case, however, the facts are clear that the stress mentioned in the certificate of death are those peculiar to a law enforcement officer's performance of his duties. The decedent, unlike the average person, had a duty inherent in his job to prevent the destruction of evidence. In the active performance of that duty, Officer Gipson died.

Therefore, we hold that this application falls within the parameters of the Act and an award should be entered.

The remaining consideration involves who should receive the benefits. In her application, the widow indicates that she was the designated beneficiary of her husband. However, no copy of the designation of beneficiary form was attached to the application. In his report, the Attorney General has indicated that Officer Gipson had designated his wife and daughter as co-beneficiaries to share equally under the Act. The designation form attached to the report is dated January 8, 1970 and appears to have been signed by Officer Gipson. Based on the aforesaid facts, this court will award the benefits as desired by the decedent.

It is therefore ordered that $20,000.00 be, and the same hereby is, awarded to the following persons in the amounts indicated pursuant to the Act and the expressed wishes of the decedent:

Irene E. Gipson $10,000.00
6539 North Sayre Avenue
Chicago, Illinois 60631

Gail Facchini 10,000.00
5301 North Melvina
Chicago, Illinois 60630

TOTAL AWARD $20,000.00